IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HAROLD DOUGLAS BULLARD, ) </br> # 225596, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> FREDDIE BUTLER, *et al.*, ) </br> ) </br> Respondents. ) | Civil Action No. 3:11cv1056-TMH </br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 filed on December 8, 2011, by Harold Douglas Bullard ("Bullard"), a state pretrial detainee.

**I.   INTRODUCTION**

On September 2, 2011, the Chambers County Grand Jury returned an indictment charging Bullard with theft of property in the first degree. That case is currently pending in the Chambers County Circuit Court. In his § 2241 habeas petition, Bullard challenges the constitutionality of the pending state criminal charges. He appears to assert the following claims:

1.   He was denied his right to a preliminary hearing.

2.   He was unlawfully arrested without probable cause.

3.   The State presented "illegal false evidence" before the grand

      jury that indicted him.

4.      He is innocent of the charges against him.

5.      The Chambers County Circuit Court is the improper venue for his case.

Doc. No. 1. Bullard asks this court to order dismissal of the charges against him, to direct the state court to set a trial date, and to grant various other relief. Doc. Nos. 1, 11, and 13. Bullard is represented by counsel in the state court proceedings.

The respondents assert, among other things, that Bullard has failed to exhaust available state remedies with respect to each of the claims in his § 2241 petition. Doc. No. 9. Accordingly, the respondents argue that Bullard's § 2241 habeas petition should be dismissed to afford Bullard an opportunity to exhaust all available state court remedies.

This court granted Bullard an opportunity show cause why his petition should not be dismissed and Bullard has submitted additional pleadings that do not address the question of exhaustion. *See* Doc. Nos. 10-13. Upon review of Bullard's petition, the respondents' answer, and Bullard's response, the court concludes that the instant habeas corpus action should be dismissed because Bullard has failed to exhaust state remedies with respect to each of the claims raised in his petition.

## II.  DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be "in

custody," although not pursuant to the final judgment of a state court.[1] *See Dickerson v Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c). When he filed his § 2241 petition, Bullard was incarcerated in the Hamilton Aged & Infirmed Facility, an Alabama Department of Corrections Facility located in Hamilton, Alabama. He is still awaiting trial on the Chambers County charges. He therefore satisfies the "in custody" requirement for purposes of § 2241.

Secondly, Bullard must have exhausted his available state remedies.[2] State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the

---

[1] Title 28 U.S.C. § 2254 applies to post-trial situations and affords relief to a petitioner "in custody pursuant to the judgment of a state court." *See* 28 U.S.C. §§ 2254(a) and (b). A person held in pretrial detention is not in custody pursuant to a state court judgment for § 2254 purposes, and therefore properly proceeds under § 2241. *Hughes v. Attorney General of Florida* 377 F.3d 1258, 1261-62 (11th Cir. 2004). For a discussion of the distinction between post-trial habeas corpus relief under § 2254 and pretrial relief under § 2241, see *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 503-04 (1973) (Rehnquist, J. dissenting); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3rd Cir. 1975).

[2] Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049,1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *Dill*, 371 F.3d at 1303 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

State ..., if he has the right under the law of the State to raise, by any available procedure, the question presented." Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). The record in this case conclusively shows that Bullard has not satisfied the exhaustion requirement as to each of his claims. To circumvent the exhaustion requirement, a petitioner must establish there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Bullard has failed to establish that state court remedies are unavailable or that such remedies are ineffective. Because he has failed to exhaust his claims in state court, Bullard is not entitled to relief under § 2241.

Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris*, 401 U.S. 37, 44–46 & 53-54 (1971); *see Braden*, 410 U.S. at 489; *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to

have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*. at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.

Bullard has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana*, 626 F .2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, Bullard fails to show that he has no available state corrective process, and he presents no

5

argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of Bullard's constitutional claims either before trial or, in the event Bullard is convicted, through appellate and post-conviction proceedings.

For the reasons noted above, this court concludes that Bullard has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden*, 410 U.S. at 493. After exhausting available state remedies, Bullard may pursue federal habeas proceedings.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Bullard be DISMISSED without prejudice to afford Bullard an opportunity to exhaust all available state court remedies. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before March 23, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc ), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of March, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE